IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 2:07-cr-378-NR |
| DALE GENE DUNSON, | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

Presently before the Court is Defendant Dale Gene Dunson's pro se motion to lift detainer. ECF 47. He requests that the Court "remove the [federal] detainer and run both [of his] Federal and State sentence[s] concurrent." *Id.* at p. 2. After reviewing the docket, Mr. Dunson's motion (ECF 47),[1] and Mr. Dunson's reply briefs (ECF 52; ECF 55), the Court determines that Mr. Dunson's motion is more properly construed as seeking a retroactive concurrent designation of his federal and state sentences. That is, Mr. Dunson ultimately seeks to challenge the Bureau of Prison's computation that his federal sentence runs consecutive to his later-imposed state sentence. *See, e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990) (concluding that the BOP has the authority and discretion "to decide whether the state prison in which [Defendant] served his sentence should be designated as a place of federal confinement *nunc pro tunc*"). For the reasons discussed below, the Court denies Mr. Dunson's motion without prejudice, and remands Mr. Dunson's request to the Bureau of Prisons.

The proper vehicle for Mr. Dunson's request is a habeas petition under 28 U.S.C. § 2241. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal

---

[1] The government opposes Mr. Dunson's motion, largely on the basis that it must be brought as a habeas petition and after exhaustion of administrative remedies. ECF 49.

prisoner who is challenging not the validity but the execution of his sentence." (cleaned up)); *George v. Longley*, 463 F. App'x 136, 139 (3d Cir. 2012) ("George correctly brought his sentence-computation challenge under 28 U.S.C. § 2241." (citations omitted)). To bring this petition, however, Mr. Dunson must first exhaust his administrative remedies with the BOP. *See Barden*, 921 F.2d at 478-79; *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (Mem.) (citations omitted). To facilitate this administrative exhaustion, the Court remands Mr. Dunson's request directly to the BOP, as Mr. Dunson is detained in a state facility, so the BOP's traditional federal exhaustion regulations cannot apply. *See* 28 C.F.R. § 542.10(b) (stating that the scope of the BOP's Administrative Remedy Program "does not apply to inmates confined in other non-federal facilities"); *see also Barden*, 921 F.2d at 478 ("We will therefore remand this matter to the district court with directions that *it in turn remand the matter to the Bureau so that the Bureau can promptly review [Defendant's] claim* and thereafter act to grant or deny it in accordance with the broad discretion the Bureau is given by the applicable statute." (emphasis added)).

In denying the motion without prejudice, the Court notes that Mr. Dunson's request is not without merit. On May 8, 2009, Mr. Dunson was sentenced to 30 months imprisonment on his federal conviction. ECF 42 (docketed on May 11, 2009). That same day, he was remanded back to the custody of the state, where he was originally incarcerated (at Allegheny County Jail) on a separate state charge. ECF 6; ECF 43. About seven months later, on December 3, 2009, Mr. Dunson was sentenced to at least 20 years imprisonment on the state charge. ECF 47-3, PDF p. 4; ECF 52-1. The state sentencing judge expressly ordered that the sentence run concurrent with the federal sentence. ECF 52-1. However, Mr. Dunson is presently serving his state sentence only, as a "federal detainer was … lodged to ensure that Mr. Dunson be transferred to the custody of the Federal Bureau of Prisons following

completion of any sentence imposed as a result of the [state] charge." ECF 49, p. 1. Thus, as it now stands, Mr. Dunson's federal and state sentences are de facto running consecutive, due to the federal detainer.[2]

In light of this background, the Court remands Mr. Dunson's request to the BOP to consider his requested relief—*i.e.*, specifically, that the BOP retroactively designate his federal sentence to be fully concurrent, so that it can be discharged. *See Truitt v. Meeks*, No. 14-cv-216, 2016 WL 4179815, at *4 (W.D. Pa. June 21, 2016) (Baxter, M.J.), *report and recommendation adopted*, No. 14-216, 2016 WL 4184457 (W.D. Pa. Aug. 5, 2016) ("Under *Barden* and BOP policy set forth in PS 5160.05, the following conditions must be present in order for an inmate to be eligible for consideration by the Bureau of Prisons for a retroactive concurrent designation: (1) the inmate must be in state or non-federal custody at the time the federal sentence is imposed; (2) the inmate must be subject to a non-federal sentence as well as a federal sentence; (3) the federal sentence must be imposed before imposition of the non-federal sentence; and (4) the federal sentencing court must be silent with respect to the relationship (concurrent or consecutive) of the federal sentence with the non-federal sentence.").[3]

For all of these reasons, this **22nd day of October, 2021**, the Court **hereby DENIES** Defendant's motion (ECF 47) without prejudice, and **REMANDS** it to the

---

[2] As it's been well over 30 months since Mr. Dunson's federal sentence was imposed, Mr. Dunson would have already served his federal imprisonment sentence in full if the sentences had run concurrent.

[3] In the Court's estimation, these factors appear to favor a retroactive concurrent designation, for the reasons summarized above. For example, Mr. Dunson was subject to both a federal and non-federal sentence, where the federal sentence was imposed first, and the federal sentencing judge did not specify whether the federal sentence would run consecutive or concurrent to the subsequent state sentence. As well, it appears that the state had priority of custody of Mr. Dunson. *See George*, 463 F. App'x at 138, n.4 ("Custody is usually determined on a first-exercised basis[.]" (cleaned up)). That said, this decision is left to the BOP's discretion.

- 4 -

Bureau of Prisons for consideration.  A copy of this Order will be emailed and mailed to the Bureau at:

>GRA-DSC-PolicyCorrespondence@bop.gov;

>Designation & Sentence Computation Center
>Grand Prairie Office Complex
>346 Marine Forces Drive
>Grand Prairie,  Texas 75051

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge